# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### BEAUFORT DIVISION

GENERAL ELECTRIC CAPITAL
CORPORATION,

    Plaintiff,

  vs.

JAMES HAMMOND and J. STEPHEN
LEVKOFF,

    Defendants.

**COMPLAINT
(JURY TRIAL WAIVED)**

Plaintiff General Electric Capital Corporation, complaining of the Defendants above named, would alleged and show unto this Honorable Court as follows:

  1.  Plaintiff is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in the state of Connecticut.

  2.  Defendant James Hammond is a citizen and resident of the State of South Carolina, with his principal residence in Beaufort County, South Carolina.

  3.  Defendant J. Stephen Levkoff is a citizen and resident of the State of South Carolina, with his principal residence in Beaufort County, South Carolina.

  4.  The matter in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest and attorney's fees and costs.

  5.  This Honorable Court has jurisdiction over the parties and over the subject matter of this action and venue is proper in the Beaufort Division.

  6.  On or about January 8, 2007 Plaintiff entered into that certain written Master Lease Agreement with the Medical Imaging Partnership-JAX1, LLC ("Lessee").

7.     In consideration for Plaintiff to enter into the Master Lease, Lessee agreed to lease certain medical equipment ("Leased Equipment") from Plaintiff.

8.     In further consideration for Plaintiff to enter into the Master Lease, Lessee agreed to make monthly lease payments to Plaintiff for said Leased Equipment.

9.     On or about July 17, 2008, Plaintiff and Lessee entered into that certain written Master Lease Agreement (Quasi) ("Master Lease (Quasi)"), whereby Plaintiff loaned certain monies to Lessee to finance Lessee's purchase of certain other medical equipment ("Financed Equipment").

10.     In consideration for Plaintiff to enter into the Master Lease (Quasi), Lessee agreed to make monthly payments to Plaintiff for said Financed Equipment.

11.     In further consideration for Plaintiff and as a further inducement for Plaintiff to enter into the Master Lease and the Master Lease (Quasi) (collectively, the "Equipment Contracts"), Defendants executed certain written guaranties whereby Defendants agreed to pay any and all obligations due and owing to Plaintiff under the Equipment Contracts (the "Guaranties").

12.     Plaintiff has performed all of its obligations under the Equipment Contracts.

13.     Lessee defaulted on its obligations under the Equipment Contracts.

14.     Pursuant to the terms of the Guaranties, Defendants waived the right of presentment, and the right to a jury trial.

15.     Plaintiff provided Lessee written notice of the defaults under the Equipment Contracts and a right to cure said defaults, and Lessee has failed and refused to cure said defaults.

16.    As a result of Lessee's default under the Equipment Contracts, Plaintiff accelerated and declared the Lessee's obligations under the Equipment Contracts immediately due and payable.

17.    Lessee failed and refused to pay the accelerated obligations when due.

18.    As a direct and proximate result of Lessee's failures to pay its obligations under the Equipment Contracts, Defendants are liable under the terms of the written Guaranties for the entire obligations.

19.    As a direct and proximate result of Lessee's failures to pay its obligations under the Equipment Contracts, Plaintiff is entitled to judgment against Defendants for the entire amount due under the Equipment Contracts.

20.    The Equipment Contracts and written guaranties provide that in the event Plaintiff must hire counsel to collect on said obligations, Defendants would pay all reasonable costs of collection.

21.    Plaintiff has been required to hire counsel to prosecute the Lessee's breach of the Equipment Contracts as well as to prosecute a claim against Defendants under the written guaranties.

22.    Plaintiff is entitled to judgment against Defendants in an amount to be determined by the trier of fact, plus pre-judgment interest and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against these defendants for an amount of actual damages, interest, and attorney's fees, and for such other and further relief as this Court deems just and proper.

*s/ R. Bruce Wallace*

R. Bruce Wallace              Fed ID No. 7018
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
BWallace@nexsenpruet.com

Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION

February 18, 2009

NPCHAR1:463649.1-PG-(RBW) 037725-00003