UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | Case No. 9:09-CV-407-SB |
| *Plaintiff*, | ) ) | |
| vs. | ) ) ) | **ANSWER OF DEFENDANT JAMES HAMMOND** |
| JAMES HAMMOND and J. STEPHEN LEVKOFF, | ) ) ) | |
| *Defendants*. | ) ) | |

  Defendant, James Hammond ("Hammond"), by and through his undersigned counsel, and denying all allegations not specifically admitted, hereby answers Plaintiff's Complaint as follows:

  1. Hammond is without sufficient information to admit or deny the allegations of paragraph 1; therefore, Hammond denies those allegations.

  2. Hammond admits the allegations of paragraph 2 of the Complaint.

  3. Hammond is without sufficient information to admit or deny the allegations of paragraph 3; therefore, Hammond denies those allegations.

  4. Hammond admits the allegations of paragraph 4 of the Complaint.

  5. Hammond is without sufficient information to admit or deny the allegations of paragraph 5; therefore, Hammond denies those allegations.

  6. Hammond admits the allegations of paragraph 6 of the Complaint.

  7. Hammond admits the allegations of paragraph 7 of the Complaint.

  8. Hammond admits the allegations of paragraph 8 of the Complaint.

9.      Responding to the allegations of Paragraph 9, upon information and belief, Hammond admits that Plaintiff and the Medical Imaging Partnership-JAX1, LLC (the "Lessee") entered into that certain written Master Lease Agreement (Quasi) on or about July 17, 2008; however, Hammond is without sufficient information to admit or deny the remaining allegations of paragraph 9; therefore, Hammond denies those remaining allegations.

10.     Hammond is without sufficient information to admit or deny the allegations of paragraph 10; therefore, Hammond denies those allegations.

11.     Hammond denies the allegations of paragraph 11 of the Complaint.

12.     Hammond is without sufficient information to admit or deny the allegations of paragraph 12; therefore, Hammond denies those allegations.

13.     Hammond is without sufficient information to admit or deny the allegations of paragraph 13; therefore, Hammond denies those allegations.

14.     Hammond is without sufficient information to admit or deny the allegations of paragraph 14; therefore, Hammond denies those allegations.

15.     Responding to the allegations of paragraph 15, upon information and belief, Hammond admits that he has seen copies of the notices of default; however, Hammond is without sufficient information to admit or deny whether the Lessee ever received such notices and Hammond is without sufficient information to admit or deny the remaining allegations of paragraph 15; therefore, Hammond denies those remaining allegations.

16.     Responding to the allegations of paragraphs 16, upon information and belief, Hammond admits that Plaintiff accelerated and declared Lessee's obligations immediately due and payable; however, Hammond is without sufficient information to admit or deny the remaining allegations of paragraph 16; therefore, Hammond denies those remaining allegations.

17. Hammond is without sufficient information to admit or deny the allegations of paragraph 17; therefore, Hammond denies those allegations.

18. Hammond denies the allegations of paragraph 18 of the Complaint.

19. Hammond denies the allegations of paragraph 19 of the Complaint.

20. Responding to the allegations of paragraphs 20, upon information and belief, Hammond admits that the Equipment Contracts provide that in the event that Plaintiff must hire counsel to collect on the obligations, then the Lessee would pay all reasonable costs of collection; however, Hammond is without sufficient information to admit or deny the remaining allegations of paragraph 20; therefore, Hammond denies those remaining allegations.

21. Hammond is without sufficient information to admit or deny the allegations of paragraph 21; therefore, Hammond denies those allegations.

22. Hammond denies the allegations of paragraph 22 of the Complaint.

WHEREFORE, Hammond requests dismissal of the Complaint against him, costs and such additional relief as the Court deems just and proper.

s/ Wm. Howell Morrison
Wm. Howell Morrison (#3586)
Moore & Van Allen PLLC
40 Calhoun Street, Suite 300 (29401)
P.O. Box 22828
Charleston, SC 29413-2828
Ph. (843) 579-7022
Fax (843) 579-7099
hmorrison@mvalaw.com

ATTORNEYS FOR DEFENDANT
JAMES HAMMOND

CHARLESTON, SC

April 13, 2009